**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Denise Hansen,<br><br>Plaintiff,<br><br>vs.<br><br>Redline Recovery Services, LLC,<br><br>Defendant. | Civil File No:_____<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff ("Plaintiff" or "Hansen") is a natural person residing in the County of Jackson, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Redline Recovery Services, LLC ("Defendant" or "RRS"), is a debt collection agency that operates as a "debt collector" as that term is defined by 15

U.S.C. § 1692a(6) from an address of 11675 Rainwater Drive, Alpharetta, Georgia 30009.

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with Discover Bank. Discover Bank is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. The alleged financial obligation was transferred to Defendant for collection from Plaintiff sometime before February 2012.

9. On or about February 13, 2012, Plaintiff's attorney wrote directly to RRS to notify RRS that Plaintiff was represented by an attorney. *See* Exhibit 1.

10. RRS received the letter from Plaintiff's attorney dated February 13, 2012 on February 29, 2012. *See* Exhibit 2.

11. On or about March 6, 2012, RRS wrote directly to Plaintiff in an attempt to collect a debt and in connection with the collection of a debt when RRS had actual knowledge that RRS was represented by an attorney. *See* Exhibit 3.

12. RRS violated 15 U.S.C. §§ 1692b(6), 1692c(a)(2), and 1692d because RRS communicated with Plaintiff in an attempt to collect a debt and in connection with the collection of a debt when RRS had actual knowledge that Plaintiff was represented by an attorney.

13. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety.

14. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of RRS's acts and omissions.

## TRIAL BY JURY

15. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

16. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

17. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 et. seq.

18. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

19.  As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

20.  As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

## COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated: April 6, 2012.                    **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes
      Patrick L. Hayes (0389869)
      Attorneys for Plaintiff
      3101 Irving Avenue South
      Minneapolis, Minnesota 55408
      Telephone: 612-821-4817
      phayes@marsomichelson.com